UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**KENDALL HARRIS**, individually,
and on behalf of others similarly
situated,

Case No.

    Plaintiff,

vs.

**PROCORP, LLC and TIMOTHY SCHULTZ,**

    Defendants.

---

## COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

Plaintiff KENDALL HARRIS ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, hereby brings this Collective/Class Action Complaint against Defendants, PROCORP, LLC and TIMOTHY SCHULTZ ("Defendants") and states as follows:

### INTRODUCTION

1. Plaintiff brings this action to recover monetary damages, liquidated damages, and costs including reasonable attorney's fees as a result of Defendants' willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

2. Plaintiff was employed by Defendants as non-exempt driver and porter. Defendants violated the FLSA by paying its drivers and porters, including

1

Plaintiff, a straight hourly rate of pay for all hours worked each week, including hours in excess of forty (40), as opposed to time-and-one-half of their regular rate for hours in excess of forty (40) as required by 29 U.S.C. § 207(a)(1).

3. Pursuant to 29 U.S.C. §216(b), Plaintiff assert collective FLSA claims on behalf of himself and the putative "FLSA collective," defined as:

> *All drivers and porters who worked for Defendants at any time between __ 2014 and present.*

## **JURISDICTION AND VENUE**

4. This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's claim raises a federal question under 29 U.S.C. § 201, *et seq.*

5. Additionally, this Court has jurisdiction over Plaintiff's collective action FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

6. This court has personal jurisdiction over Defendant Procorp, LLC because its company headquarters is located within this district in Taylor, Michigan.

7. This court has personal jurisdiction over Defendant Timothy Schultz because he is a resident of this district in Taylor, Michigan.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants reside in this district, and a substantial portion of the events that

give rise to the Plaintiff's claims occurred in this district.

## PARTIES

**Defendants**

9. Defendant Procorp, LLC ("Procorp") is a Michigan limited liability corporation with a headquarters located at 12260 Universal Drive, Taylor, Michigan 48180-4074. Defendants' registered agent is Timothy Shultz.

10. Procorp provides vehicle porter services, including transporting new vehicles on behalf of dealerships. https://www.facebook.com/ProCorpdrives/ (last visited February 27, 2017).

11. Procorp employed over one hundred (100) drivers and porters, including Plaintiff.

12. The majority of Procorp's employees are hourly paid, non-exempt vehicle porters. Their primary duties include driving new vehicles to designated lots. Other employees include drivers who are responsible for operating shuttle vans that transported teams of porters in between jobs sites and headquarters.

13. Procorp's annual sales exceed $500,000 and it has more than two employees. Accordingly, the FLSA applies in this case on an enterprise basis.

14. Procorp's employees (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) were employed in an enterprise engaged in commerce or in the production of goods for commerce. Accordingly, Procorp's

employees are covered by the FLSA on an individual basis.

15. Defendant Timothy Schultz is a resident of Wayne County, Michigan.

16. Schultz is the president and sole owner of Procorp.

17. Schultz determined the duration and scope of the assignments of drivers and porters who performed work for Procorp.

18. Schultz maintains pay and time records of drivers and porters who performed work for Procorp.

19. Schultz determined the rate of pay for drivers and porters who performed work for Procorp.

20. Schultz possesses and exercised the authority to hire drivers and porters who performed work for Procorp.

21. Schultz possesses and exercised the authority to fire drivers and porters who performed work for Procorp.

**Plaintiff**

22. Plaintiff Harris is a resident of Wayne County, Michigan.

23. Plaintiff was employed by Defendants as an hourly driver and porter from February 15, 2013 to October 5, 2016. Plaintiff signed a consent form to join this lawsuit. *See* ECF 1-1.

24. An additional two (2) former employees of Defendants have signed consent forms to join this lawsuit. *See* ECF 1-2 to 1-3.

# GENERAL ALLEGATIONS

25. As a common policy and practice, Defendants misclassify all of their drivers and porters as independent contractors.

26. Plaintiff's duties as a driver included operating a van shuttling porters to job sites, logging the hours worked by the porters in his van, and submitting time logs.

27. The van Plaintiff drove to shuttle porters was a Ford Transit van with a gross vehicle weight of less than 10,000 pounds.

28. Plaintiff's duties as a porter included driving client's vehicles from the pickup lot to the client's desired destination.

29. The vehicles Plaintiff drove as a porter included the Dodge Ram, Dodge Grand Caravan, Dodge Challenger, and Jeep Cherokee.

30. The vehicles Plaintiff drove as a porter have a gross vehicle weight of less than 10,000 pounds.

31. During his employment for Defendants, Plaintiff worked in excess of forty (40) hours per week.

32. Plaintiff typical worked a twelve (12) hour shift from 7:00 PM to 7:00 AM.

33. Plaintiff typically worked between five (5) and six (6) shifts per week.

34. Plaintiff was never paid time and a half of Plaintiff's regular hourly rate

for hours worked in excess of forty (40) per week.

35. Instead, Plaintiff was paid Plaintiff's regular hourly rate regardless of how many hours Plaintiff worked in a week.

36. Similarly situated drivers and porters worked in excess of forty (40) per week.

37. Similarly situated drivers and porters were never paid time and half or their regularly hourly wages for hours worked in excess of forty (40) per week.

38. Similarly situated drivers and porters were paid their regular hourly rate regardless of how many hours they worked in a week.

39. Defendants' policies and practices deprived Plaintiff and similarly situated drivers and porters overtime pay at a rate not less than one and a half times their regular rate of pay as required under the FLSA.

40. Defendants' violations of the FLSA were willful, arbitrary, unreasonable, and in bad faith.

41. The Sixth Circuit applies the "economic-reality test" to determine whether workers are independent contractors, or employees economically dependent on the putative employer. The test includes six factors:

> 1) the permanency of the relationship between the parties; 2) the degree of skill required for rendering of the services; 3) the worker's investment in equipment or materials for the task; 4) the worker's opportunity for profit or loss, depending on his skill; . . . 5) the degree of the alleged employer's right to control the manner in which the work is performed[; and] . . . [6)] whether the service rendered is an integral

6

part of the alleged owner's business.

*Keller v. Miri Microsystems LLC*, 781 F.3d 799, 807 (6th Cir. 2015).

42. The totality of the circumstances establishes that Defendant's drivers and porters are economically dependent on Defendants.

**Permanency of working relationship**

43. Plaintiff had a working relationship with Defendants of indefinite duration. Plaintiff did not enter into a contractual working relationship with Defendant that established the date of expiration of their working relationship.

44. Plaintiff ultimately worked for Defendant for over two and a half years.

45. Similarly situated drivers and porters had a working relationship with Defendants of indefinite duration.

46. Upon information and belief, certain similarly situated employees have worked for Defendants for more than three (3) years.

47. Plaintiff typically worked too many hours for Defendants to engage in significant employment elsewhere. Plaintiff typically worked between sixty (60) and seventy-two (72) hours per week for Defendants. Plaintiff did not engage in any other employment while working for Defendants.

48. Similarly situated drivers and porters typically worked too many hours for Defendants to engage in significant employment elsewhere.

**Degree of skill required**

49. Plaintiff's services for Defendants did not require any special skills. Defendants' online hiring profile listed minimal requirements, chief among which is the possession of a valid Michigan driver's license. https://www.indeed.com/cmp/ProCorp-LLC/ (last visited February 27, 2017). The only skills Plaintiff exercised in the performance of Plaintiff's duties were those of an ordinary driver.

50. Similarly situated drivers and porters' services for Defendants did not require any special skills.

**Workers' investment**

51. Defendants furnished all vehicles necessary for drivers and porters to perform their duties.

52. Defendants paid for all job-related expenses including fuel expenses.

53. Plaintiff did not make any significant investment in the equipment required for Plaintiff's work with Defendants.

54. Plaintiff did not hire other workers to assist with Plaintiff's duties for Defendants.

55. Similarly situated drivers and porters did not make any significant investment in the equipment required for their work with Defendants.

56. Similarly situated drivers and porters did not hire other workers to assist

with their duties for Defendants.

**Workers' opportunity for profit or loss**

57. Defendants managed all aspects of their business including customer relationships, maintenance of vehicles, selection of assignments, and hiring and controlling of staff.

58. Plaintiff could not choose how many assignments Plaintiff performed each day.

59. Plaintiff could not negotiate Plaintiff's rate of pay.

60. Similarly situated drivers and porters could not choose how many assignments they performed each day.

61. Similarly situated drivers and porters could not negotiate their rates of pay.

**Defendants' right to control the manner of work**

62. Defendants managed all aspects of their business including customer relationships, maintenance of vehicles, selection of assignments, and hiring and controlling of staff.

63. Defendants exercised substantial control over all aspects of the work performed by drivers and porters, including:

      a. Dictating the time periods during which drivers and porters could work;

      b. Dictating assignments to drivers and porters;

      c. Requiring drivers and porters to arrive for work at certain times; and

      d. Requiring drivers and porters to report any planned absences in advance.

**Extent to which the work is an integral part of Defendant's business**

64. The core of Defendants' business is the transportation of vehicles on behalf of dealerships. Defendants' operations are therefore wholly dependent on drivers and porters who move said vehicles.

65. Plaintiff's services for Defendants were an integral part of Defendants' business. As a driver of shuttle vans, Plaintiff transported porters to job sites from which they can pick up their assigned vehicles. As a porter, Plaintiff drove vehicles to locations designated by Defendants' clients.

66. Similarly situated drivers and porters' services for Defendants were an integral part of Defendants' business.

## COLLECTIVE ACTION ALLEGATIONS

67. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on Plaintiff's own behalf and on behalf of:

> *All drivers and porters who worked for Defendants at any time between __ 2014 and present.*

("FLSA Collective"). Plaintiff reserves the right to amend this definition as

necessary.

68. With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b).

69. The drivers and porters on behalf of whom Plaintiff brings this collective action are similarly situated because (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practice, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

70. The employment relationships between Defendants and every FLSA Collective member are the same and differ only in name and rate of pay. The key issues – whether employees were paid time and a half for hours worked in excess of forty (40) per week – do not vary substantially from FLSA Collective member to FLSA Collective member.

71. Plaintiff estimates that the FLSA Collective, including both current and former employees over the relevant period, will include over a hundred (100) members. The precise number of FLSA Collective members should be readily available from a review of Defendants' personnel and payroll records.

## COUNT I
### (29 U.S.C. § 216(b) Collective Action)
### **VIOLATION OF THE FAIR LABOR STANDARDS ACT,**

## 29 U.S.C. § 201, *et seq.*

72. Plaintiff re-alleges and incorporates all previous paragraphs herein and further allege as follows.

73. At all times relevant to this action, Defendants was an employer under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, *et seq.*

74. Defendants are engaged in interstate commerce as defined by the FLSA.

75. At all times relevant to this action, Plaintiff were "employees" of Defendants within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

76. Plaintiff and all similarly situated drivers and porters either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) was employed in an enterprise engaged in commerce or in the production of goods for commerce.

77. Defendants "suffered or permitted" Plaintiff and all similarly situated drivers and porters to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

78. Defendants required Plaintiff and all similarly situated drivers and porters to perform work in excess of forty (40) hours in a week.

79. Hours worked in excess of forty (40) per week should have been paid at the federally mandated rate of time and one half of each employee's regularly

hourly wage. 29 U.S.C. § 207.

80. However, Defendants paid Plaintiff and all similarly situated drivers and porters at their regular rate of pay regardless of how many hours they worked.

81. Defendants' violations of the FLSA were knowing and willful. Defendants knew or could have easily determined how many hours Plaintiff and all similarly situated drivers and porters worked. Likewise, Defendants knew or could have easily determined the applicable overtime laws. Nevertheless Defendants did not pay its employees the appropriate overtime rate.

82. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or his unpaid wages (and unpaid overtime if applicable) plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff, Kendall Harris, requests the following relief:

    a. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b);

    b. Ordering Defendants, at their expense, to investigate and account for the number of hours worked by Plaintiff and all similarly situated drivers and porters;

    c. Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all FLSA Collective members, and permitting Plaintiff to send notice of this action to all those similarly situated drivers and porters, including the publishing of notice in a

> manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;
>
> d. Designating Lead Plaintiff Kendall Harris as the representative of the FLSA collective action;
>
> e. Granting judgment for damages for all unpaid overtime compensation and an equal amount as liquidated damages under the FLSA;
>
> f. Awarding Plaintiff Kendall Harris an incentive award for serving as representative of all similarly situated drivers and porters;
>
> g. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in connection with this action;
>
> h. Awarding such other and further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff, individually and on behalf of all others similarly situated, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled cause.

Dated: May 18, 2017 /s/*Jesse L. Young*_____
Jesse L. Young (P72614)
jyoung@sommerspc.com
SOMMERS SCHWARTZ, P.C.
One Towne Square, Suite 1700
Southfield, Michigan 48076
Telephone: (248) 355-0300
Facsimile: (248) 436-8453

Local counsel for Plaintiffs

Jason T. Brown (Pro Hac Vice anticipated)
Nicholas Conlon (Pro Hac Vice anticipated)
JTB LAW GROUP, L.L.C.
155 2nd Street, Suite 4
Jersey City, NJ 07302
Phone: (201) 630-0000
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com

*Attorneys for Plaintiff*